UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case Number 03-20056
v.                                                   Honorable David M. Lawson

DEMARKUS LASTER,

        Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

      This matter is before the Court on the defendant's motion to reduce sentence filed under the authority of 18 U.S.C. § 3582(c)(2). In support of his motion, the defendant cites *United States v. Blewett*, 719 F.3d 482 (2013), in which a divided panel of the court of appeals held that "the Fair Sentencing Act of 2010 . . . should apply to all defendants, including those sentenced prior to its passage." *Id.* at 484. However, that decision was vacated when the Sixth Circuit granted the government's petition for rehearing *en banc*. In its subsequent *en banc* decision, the full court of appeals held, contrary to the earlier panel opinion, that "the [Fair Sentencing Act] does not retroactively undo final sentences." *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1779 (2014). Because the defendant originally was sentenced before the effective date of the Fair Sentencing Act, the revised mandatory minimum sentencing provisions under the Act do not apply to him. The Court therefore will deny the defendant's motion.

      On June 9, 2004, the defendant pleaded guilty to one count of conspiracy to distribute or possess with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 846, and one count of possession of a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c). On September 30, 2004, the defendant was sentenced to 140 months imprisonment for conspiracy

to distribute — the bottom of the guideline range under the then-current sentencing guidelines — and 60 months for possession of a firearm, with the sentences to be served consecutively. On December 20, 2010, the Court granted the defendant's motion to reduce his sentence based upon the 2007 amendments to the crack cocaine sentencing guidelines that were given retroactive effect by the United States Sentencing Commission, and upon resentencing, the Court sentenced the defendant to the statutory mandatory minimum term of 120 months.

The Fair Sentencing Act, which was signed into law on August 3, 2010, raised the triggering amounts of crack cocaine for mandatory minimum sentences. Conforming amendments to the United States Sentencing Guidelines became effective initially on November 1, 2010, and "[a] permanent version of those Guidelines amendments took effect on November 1, 2011." *Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012). The Act raised the triggering amount that would apply to the defendant's offense of conviction from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010); 21 U.S.C. § 841(b)(1)(A)(iii); *United States v. Webb*, 760 F.3d 513, 515 (6th Cir. 2014). At his original sentencing, the defendant was held responsible for 77.8 grams of cocaine base. If he were newly sentenced today under the revised penalty statute, he therefore would be subject to the lower mandatory minimum sentence of 60 months under 21 U.S.C. § 841(b)(1)(B)(iii). But because he originally was sentenced before the effective date of the Fair Sentencing Act, the revised mandatory minimum thresholds do not apply to him. *Blewett*, 746 F.3d at 649. This outcome is not changed by the fact that the defendant was re-sentenced on other grounds after the effective date of the Act. *See United States v. Hughes*, 733 F.3d 642, 645 (6th Cir. 2013) ("[T]he district court at resentencing [must] apply the Guidelines that

were in effect at the time of the defendant's *original* sentencing.") (citing 18 U.S.C. § 3553(a)(4)(A); 3742(g)(1); *United States v. Taylor*, 648 F.3d 417, 424 (6th Cir. 2011)).

Accordingly, it is **ORDERED** that the defendant's motion to reduce sentence [dkt. #91] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 7, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 7, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI